**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4293**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS BROOKS, a/k/a MB,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
William D. Quarles, Jr., District Judge.  (1:09-cr-00288-JKB-18)

Submitted:  February 12, 2019                          Decided:  February 21, 2019

Before NIEMEYER, MOTZ, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Steven M. Klepper, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellant.
Michael Clayton Hanlon, Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Brooks pled guilty, pursuant to a plea agreement, to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2012). In February 2011, the district court sentenced Brooks to 192 months' imprisonment. Since then, Brooks has filed an unsuccessful 28 U.S.C. § 2255 (2012) motion, and his sentence has been reduced to 168 months' imprisonment based on the application of a retroactive drug amendment. In May 2018, the district court received a pro se notice of appeal of Brooks' 2011 criminal judgment. Brooks' appointed counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Brooks' sentence is still valid after *Alleyne v. United States*, 570 U.S. 99 (2013). In his pro se supplemental brief, Brooks argues that the appellate waiver in his plea agreement is invalid and that his *Alleyne* challenge is meritorious. The Government has moved to dismiss the appeal as untimely.

A criminal defendant must file his notice of appeal within 14 days of the entry of the judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on February 11, 2011. The notice of appeal was docketed on May 7, 2018. We conclude that Brooks' claim that he originally mailed the notice of appeal on February 16, 2011, is belied by the record. Because Brooks failed to file a timely notice of appeal or to obtain an extension of the appeal period, we grant

2

the Government's motion to dismiss the appeal as untimely.[*] *See United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).  This court requires that counsel inform Brooks, in writing, of the right to petition the Supreme Court of the United States for further review. If Brooks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Brooks.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Because we dismiss the appeal as untimely, we need not consider the Government's motion to dismiss the appeal as barred by the appellate waiver in Brooks' plea agreement.